NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**ANDREW T. HO, OSB #185047**
Andrew.Ho@usdoj.gov
**STEVEN T. MYGRANT, OSB #031293**
Steven.Mygrant@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:21-cr-00077-IM-13** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **CHRISTIAN AVILA-SUAREZ,** | |
| **Defendant.** | |

### Introduction

Defendant Christian Avila-Suarez conspired to distribute fentanyl both for his benefit and to the benefit of a drug-trafficking organization (DTO). This conduct allowed a Mexico-based drug trafficker to profit from the sale of fentanyl in Oregon and other markets in the United States. The government agrees with the guideline calculation and criminal history computation

as outlined in the PSR.  As a result, the government will recommend a 37-month sentence of imprisonment to be followed by four years of supervised release and a $100 fee assessment.

## I.    FACTUAL BACKGROUND

### A.    The Offense Conduct

Beginning in 2020, the Drug Enforcement Administration (DEA) commenced a long-term wiretap investigation into a Mexico-based DTO.  Investigators identified co-defendant Jonathan Avila-Suarez as an Oregon-based sub-distributor of the DTO.

From January 2021 through February 2021, investigators intercepted wire communications between defendant and his brother, and co-defendant Jonathan Avila-Suarez, in which the two discussed the delivery of fentanyl.  Through surveillance and wire intercepts, investigators determined that defendant possessed and arranged to purchase at least 40 grams of fentanyl for distribution to defendant's customers in Oregon.

### B.    The Charges

Defendant was charged with a one-count superseding information which charged conspiracy to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vi) and 846.  On July 11, 2022, defendant pleaded guilty to this offense.

### C.    The Plea Agreement & Guideline Computations

Defendant agreed to plead guilty to count one, and in exchange the government will, subject to the limitations set forth in the agreement, recommend that defendant receive a three-level reduction for acceptance of responsibility.  The parties agree to the following guideline calculation.

| Enhancement | Government's Position |
|---|---|
| Base Offense Level—<br>USSG §2D1.1(c)(8) | 24 (not contested) |
| Safety Valve—<br>USSG §5C1.2 | -2 (not contested)[1] |
| Minor Role Adjustment—<br>USSG §3B1.2 | -2 (not contested) |
| Acceptance of Responsibility—<br>USSG §3E1.1 | -3 (not contested) |
| **Final Offense Level** | **17, CHC IV (37-46)** |

## II.     GOVERNMENT'S RECOMMENDED SENTENCE

Distribution of fentanyl is a serious federal crime.  Drug trafficking organizations profit from addiction and the human suffering that accompanies it.  Defendant's distribution of fentanyl profited both himself and the DTO.  While defendant's conduct is serious, he appears to have been a low-level distributor of fentanyl with his own customers.  Consequently, a two-level mitigating-role adjustment is appropriate.

A four-year supervised release term is appropriate in light of defendant's criminal history, which includes a prior drug conviction.  Defendant's distribution was driven in part due to defendant's own substance use.  A lengthy supervised release term will provide defendant with the treatment and support necessary for recovery.

---

[1] Defendant is eligible for the safety valve under 18 U.S.C. § 3553(f) and *United States v. Lopez*, 998 F.3d 431 (9th Cir. 2021).  Because the USSG have not been updated to conform to 18 U.S.C. § 3553(f), the government is willing to afford the two-level safety valve reduction under 18 U.S.C. § 3553(a).

## III. CONCLUSION

Based on the foregoing, the government recommends the Court impose a sentence of 37 months imprisonment, followed by a four-year term of supervised release, subject to the standard conditions, and a $100 fee assessment.

Dated: October 12, 2022

Respectfully submitted,

NATALIE K. WIGHT
United States Attorney

/s/ Andrew T. Ho
ANDREW T. HO, OSB #185047
STEVEN T. MYGRANT, OSB #031293
Assistant United States Attorneys